UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PHE, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:13-cv-480 SNLJ |
| ) | |
| DOES 1-27, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Plaintiff PHE, Inc. filed this action against defendants identified as Does 1 through 27, alleging that the Does had violated PHE's copyrights with respect to an adult-themed motion picture using an internet-based application known as Bit Torrent. The Does are identified in the complaint only by internet protocol ("IP") addresses, each of which is unique to an internet subscriber. Plaintiff alleges that the Does have each obtained and shared the movie using the internet in violation of plaintiff's copyrights. In order to ascertain the names of the individuals alleged to have violated plaintiff's copyrights, plaintiff served a subpoena on the internet service provider ("ISP") responsible for providing internet access to the IP addresses in question. (*See* #6.) Plaintiff plans to name as defendants the individuals identified by the ISPs.

Charter apparently alerted the customers implicated by the subject IP addresses, and three of the Does have filed motions to quash: Doe 21 is represented by counsel (#8); Doe 1 is represented by counsel (#10); and another unidentified Doe is apparently *pro se* but purports to move to quash on behalf of all 27 Does (#12). Plaintiff has moved to strike the unidentified Doe's *pro se* motion (#13). The Court will address each motion in turn, beginning with the unidentified Doe's motion and the plaintiff's motion to strike.

**I.      Unidentified Doe's Motion to Quash and Plaintiff's Motion to Strike (#12, #13)**

An unidentified Doe filed a "Motion to Quash Search Warrant and to Suppress Evidence," which this Court will construe as a Motion to Quash the subpoena served on Charter. The unidentified Doe contends that the subpoena is illegal and in violation of law. The motion also attaches a sample memorandum and order from another court in a different case brought by plaintiff PHE, and the defendant suggests that this Court should dismiss all but Doe #1 for improper joinder.

Plaintiff moves to strike defendant's motion because (1) the filing is made anonymously and (2) the unidentified Doe purports to represent all 27 Does despite that he or she is apparently not an attorney.

Federal Rule of Civil Procedure 11 states that "every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name — or by a party personally if the party is unrepresented.... The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention."   Fed. R. Civ. P. 11(a).  Here, the unidentified Doe signed the motion "Respectfully submitted, Defendant's Doe 1-27" [sic].  However, because the Doe is anonymous, there is no way for the plaintiff or the Court to call the matter to the (supposed) party's attention.

Furthermore, although "Defendant's Doe 1-27" purports to represent all 27 Doe defendants, it appears that he or she is not an attorney.  "[P]arties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."  28 U.S.C. § 1654.  This Court requires that, with certain exceptions not applicable here, "only attorneys enrolled pursuant to the rules of this Court or duly

admitted *pro hac vice* may file pleadings, appear, or practice before this Court." E.D. Mo. Local Rule 83-12.01.

As a result, the Court will grant plaintiff's motion to strike the unidentified Doe's motion.

## II. Motions to Quash (#8, #10)

Pursuant to Rule 26(b)(1), "Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. . . ." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*

As used in Rule 26, the term "relevant" is to be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Like the notice-pleading system established by the Rules, "discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues." *Id.* Further, discovery is not limited to the merits of a case because a variety of fact-oriented issues may arise during litigation that are not related to the merits. *Id.*

Federal Rule of Civil Procedure 45 controls subpoenas. That Rule specifically states that the Court must enforce a party's duty to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(c)(1). Further, the Court may quash or modify a subpoena that "subjects a person to undue burden" or if it requires "disclosing a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 45(c)(3)(A)(iv) & (B)(I).

### A. Doe 21's Motion to Quash (#8)

Doe 21 has moved to quash the subpoena that seeks information leading to Doe 21's identity, but both parties admit that plaintiff already knows Doe 21's identity. Plaintiff came to know Doe 21's identity after Doe 21 called plaintiff's attorney — who was listed on the subpoena as the "officer" issuing the subpoena but who did not identify himself as counsel for plaintiff on the subpoena — regarding objecting to the subpoena. Plaintiff's law firm did not identify itself as plaintiff's lawfirm until, apparently, sometime after it induced Doe 21 into providing his or her name and IP address. Plaintiff claims that the motion is moot because Doe 21 "voluntarily" gave plaintiff's counsel Doe 21's identifying information, and plaintiff now argues that Doe 21 should not be permitted to continue litigating his claim anonymously. Doe 21 replies that plaintiff should not be rewarded for "tricking" Doe 21 into volunteering that information. Further, Doe 21 maintains that the subpoena infringes upon his or her First Amendment right to anonymous speech on the internet, but at the same time Doe 21 contends he or she did not download the movie in question, and he or she states that being named in this civil action will cause defamation, emotional distress, and invasion of privacy. Doe 21also argues, without support, that pornographic works are not copyrightable and that the "obscene" work is likely the product of illegal activities such as "pimping" and prostitution.

### B. Doe 1's Motion to Quash (#10)

Doe 1, meanwhile, argues that the subpoena should be quashed because plaintiff should not be permitted to "tag" a defendant based solely on IP address. The individual who allegedly downloaded the movie in violation of copyrights may not be the ISP subscriber, but may instead be someone in the subscriber's household, a visitor to the household, a neighbor, or someone using the subscriber's wireless internet signal from a car parked on the street. Doe 1suggests that

4

the information requested by the subpoena is therefore not relevant. Doe 1 also suggests he or she would suffer reputational injury if his or her name is released to plaintiff, and that such an injury constitutes undue burden under Rule 45(c)(3)(A)(iv).

    **C.**    **Analysis**

Defendant Does' objections are not well-taken. Plaintiff has a right to defend its copyrights, and, under the circumstances presented here, the plaintiff has no other means by which to obtain the subscribers' names. *See, e.g.*, *Arista Records, L.L.C. v. Does 1-54*, No. 4.08-cv-1289 CEJ, 2008 WL 4104563 (E.D. Mo. Aug. 29, 2008). Although defendants may be correct that the named subscriber may not have been involved in the alleged infringement of plaintiff's copyrights, the subscriber names are surely "relevant" and "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. Pro. 26(b)(1). Defendant Does 1 and 21 invite the Court to balance plaintiff's need for their names with the burden to defendant Does in accordance with Rule 26(b)(2)(C)(iii), but the benefit to plaintiff will surely be greater: plaintiff has no other way to pursue its copyrights than by ascertaining the names of individuals associated with the IP addresses alleged to have been involved in the infringement. Defendant Does' burdens of defending a potentially embarrassing action are unfortunate, but, as no one wants to be named as a defendant, those burdens are faced by countless litigants in our legal system.

As for Doe 21's suggestion that his or her right to free speech will be infringed upon if his or her name is revealed, that argument fails as well. The very case cited by Doe 21 (*see* #18 at 8) to support his argument states that "a file share's First Amendment right to anonymity is 'exceedingly small.'" *Call of the Wild Movie, LLC v. Does 1-1,062*, 770 F. Supp. 2d 332, 349 (D.D.C. 2011) (quoting *Arista Records LLC v. Does 1–19*, 551 F.Supp.2d 1, 8 (D.D.C. 2008) and

5

collecting cases). The court in that case thus concluded that "defendants' asserted First Amendment right to anonymity in this context does not shield them from allegations of copyright infringement." *Call of the Wild Movie, LLC*, 770 F. Supp. 2d at 354. This Court agrees.

Finally, as for the Does' arguments that go to the merits of plaintiff's case or that go to whether this Court lacks personal jurisdiction over them, those arguments are premature. Defendants may move for dismissal after they have been served with the complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Doe 21's Motion to Quash (#8) is **DENIED.**

**IT IS FURTHER ORDERED** that Doe 1's Motion to Quash (#10) is **DENIED.**

**IT IS FURTHER ORDERED** that plaintiff's Motion to Strike Document #12 is **GRANTED.**

**IT IS FINALLY ORDERED** that Doe 1-27's Motion to Quash (#12) is **STRICKEN**.

Dated this 25th day of June, 2013.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE